IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON K. HENDERSON-HARRISON,  )
                                )
           Plaintiff,           )
                                )  CIVIL ACTION
v.                              )
                                )  No. 10-1218-JWL
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
           Defendant.           )
_____)

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) failure to engage in a function-by-function assessment, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.    Background**

Plaintiff applied for DIB on July 24, 2006 alleging disability beginning May 10, 2005. (R. 8); (Pl. Br. 3). The application was denied initially and upon reconsideration,

and Plaintiff requested a hearing before an ALJ. (R. 8); (Pl. Br. 3). Plaintiff's request was granted, and Plaintiff appeared with a representative[1] for a hearing before ALJ Linda L. Sybrant on March 3, 2009. (R. 8); (Pl. Br. 3). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 8); (Pl. Br. 15, 17). On July 30, 2009, ALJ Sybrant issued her decision, finding that Plaintiff has the residual functional capacity (RFC) for a range of light work and that she is able to perform her past relevant work as a housekeeper. (R. 8-15). Consequently, ALJ Sybrant found that Plaintiff is not disabled within the meaning of the Act, and denied her application for DIB. (R. 15).

Plaintiff requested Appeals Council review of the hearing decision, but the Council found no reason under their rules to review the decision, and denied Plaintiff's request. (R. 1-4). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1);

---

[1]The decision reflects that Plaintiff was represented before the Commissioner by a non-attorney representative, but the court notes that it is not clear who is representing Plaintiff before this court.
    The District of Kansas Rules of Practice and Procedure provide, in part, that "An attorney enters his or her appearance by: (1) signing and filing a formal entry of appearance; or (2) signing the initial pleading, motion, or notice of removal filed in the case." D. Kan. R. 5.1(d). Mr. Daniel A Parmele signed the initial Complaint in this case, and is therefore shown on the Docket as the attorney representing Plaintiff. Plaintiff's Social Security Brief, however, is signed by Ms. Ashley Baine, an attorney admitted to the bar of this court, and apparently practicing with the Parmele Law Firm, but who neither signed Plaintiff's initial pleading in this case, nor signed and filed a formal entry of appearance. Although Plaintiff's Social Security Brief is signed by Ms. Baine, it was filed in the court's CM/ECF system using the account and password of Mr. Parmele. See Docket entry 14, filed by Parmele, Daniel. This fact leaves the court to wonder regarding the exact circumstances of Plaintiff's representation. Ms. Baine is cautioned that a proper entry of appearance is necessary in each case in which she represents a party before this court.

Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If claimant's impairment(s) does not meet or equal a listed

impairment, the Commissioner assesses her RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084).  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  Here, the ALJ found at step four that Plaintiff is not disabled because she is able to return to past relevant work as a housekeeper, and she did not continue to step five.

Plaintiff claims the ALJ erred (1) in failing to make a function-by-function assessment of Plaintiff's ability to do work-related activities as required by Social Security Ruling (SSR) 96-8p before she assessed an RFC in terms of the "light" exertional category; and (2)  at step four of the sequential evaluation process in failing to make specific findings regarding the physical and mental demands of Plaintiff's past relevant work as required by SSR 82-62.  The Commissioner argues that the ALJ's step four evaluation was proper.  (Comm'r Br. 7-8).  Although the Commissioner "agrees that the ALJ did not provide a function-by-function assessment prior to finding that Plaintiff

had the light RFC necessary to perform her past relevant work" (Comm'r Br. 5), he argues that the court should "careful[ly] review [] the record on appeal in light of the deferential appellate standard . . . [and] conclude that substantial evidence in the record supports the ALJ's RFC determination in this particular case," and uphold the ALJ's RFC finding. (Comm'r Br. 7) (quoting Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004)). The court agrees with both parties that the ALJ failed to provide a function-by-function assessment of Plaintiff's abilities, but finds that it may not uphold the RFC assessment in this case because to do so would require the court to weigh the evidence in the first instance, and to produce a post hoc justification for the ALJ's treatment of the evidence. Therefore, the court finds that remand is necessary for the Commissioner to properly assess RFC.

Because an RFC assessment is made after step three but before step four of the sequential evaluation process, the Commissioner will be required to perform another step four evaluation after assessing RFC on remand. At this time, it would be premature for this court to attempt to dictate the outcome of that step four evaluation. Accordingly, the court will not address Plaintiff's step four argument, and Plaintiff may make that argument to the Commissioner on remand.

## III. RFC Assessment

As noted above, Plaintiff claims the ALJ erred in failing to make a function-by-function assessment of Plaintiff's ability to do work-related activities as required by Social Security Ruling (SSR) 96-8p before she expressed Plaintiff's RFC in terms of the

"light" exertional category. (Pl Br. 19-31). In her argument, Plaintiff sets out a four-phase methodology which she asserts SSR 96-8p requires in order to properly derive an RFC, and argues that the ALJ did not properly apply that methodology because (1) the RFC was vague in using the term "light work" without describing the maximum amount of each activity Plaintiff can perform, and (2) the ALJ did not assess Plaintiff's ability to perform work activities on a regular and continuing basis. (Pl. Br. 20-21). Plaintiff then presents a ten-page summary of the evidence which in her view is relevant to a proper RFC assessment here. Id. at 21-31. Plaintiff concludes her argument in two paragraphs:

> The ALJ summarized some of the medical records, but did not explain how these records support her RFC assessment. In addition, her RFC was vague with the statement of light work, even though the medical records would indicate more complicated limitations then [sic] this simple statement could explain.
>
> Therefore, based upon the above, it is clear that the ALJ erred with regard to the method to which she established her RFC. For this reason, the ALJ's decision should be reversed or remanded.

Id. at 31.

As discussed above, the Commissioner agreed that the ALJ did not provide a function-by-function assessment prior to finding that Plaintiff had a "light" RFC, but argues that the court should review the record, conclude that substantial evidence in the record supports the ALJ's RFC determination, and uphold that RFC finding. (Comm'r Br. 5). The Commissioner also provides a three-page summary of the evidence in support of his view. Id. at 4-6. The court agrees with both parties that the ALJ failed to provide a proper function-by-function assessment, but it will decline the parties' implicit invitation

7

to weigh the evidence itself and determine in the first instance what is the "proper" RFC assessment based upon the record evidence.

### A. The ALJ's RFC Assessment

After concluding that Plaintiff's condition does not meet or equal the severity of any listed impairment at step three of the sequential evaluation process, the ALJ summarized Plaintiff's testimony and allegations, and other record evidence. (R. 9-12). She then conducted her RFC assessment, finding that Plaintiff's allegations are not credible, according weight to the medical opinions of the state agency program physicians "because they are consistent with and supported by the findings, opinions, and conclusions of treating and examining medical sources contained in the record" (R. 13), and finally, setting out the RFC she assessed:

> On review of all of the credible evidence of record, and in particular the objective evidence from treating and examining medical sources summarized above, the undersigned finds that giving great benefit of the doubt to claimant's complaints, she retains the following residual functional capacity: She can do light work with occasional stooping, crouching, crawling, kneeling, and climbing, cannot climb ropes or scaffolds, can reach overhead occasionally, and must avoid concentrated exposure to extreme temperatures, vibration, and hazards.

(R. 14). Finding number 6 in the decision restates the identical RFC assessment. (R. 14).

### B. Standard for Evaluating RFC

In assessing RFC, the Commissioner considers a claimant's abilities to meet the demands of work despite her impairment(s). 20 C.F.R. § 404.1545. The assessment is

8

based upon all relevant medical and other evidence in the record and includes consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations. Id. at § 404.1545(a & e). The assessment considers physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions; responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments. Id. § 404.1545(b,c,d); see also § 404.1521 (listing examples of basic work activities which may be affected by impairments). At the ALJ hearing level, it is the ALJ's responsibility to assess RFC. Id. § 404.1546(c).

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2010). The Ruling explains that assessment of RFC involves a function-by-function consideration of each work-related ability before expressing the RFC in terms of the exertional categories of "sedentary," "light," and so forth. Id. at 143, 145-46. Failure to perform a function-by-function assessment may result in an improper finding at step four regarding plaintiff's ability to perform her past relevant work as she actually performed it. Id. Moreover, because certain occupations do not require the capacity to meet all the strength demands of the full range of work in a

9

particular exertional category, a failure to do a function-by-function assessment may result in improper findings at step four regarding plaintiff's ability to perform her past relevant work as it is generally performed in the national economy, or at step five regarding plaintiff's ability to perform other work in the national economy. Id. at 145-46 (also see examples 1-3, p. 146).

**C.    Analysis**

As the parties agree, here the ALJ failed to perform a function-by-function assessment of each basic work activity, but simply concluded that Plaintiff is able to perform "light" work with certain postural, manipulative, and environmental limitations. Therefore, although the ALJ summarized and considered the record evidence before reaching her RFC assessment, it is impossible for the court to determine how the ALJ arrived at the limitations assessed.

For example, a state agency physician, Dr. Parsons opined that "claimant is capable of performing work activities consistent with the Light RFC done on 09/28/2006 (includes postural and environmental limitations)." (R. 441). The "Light RFC" to which Dr. Parsons referred was an RFC assessment performed by a Single Decision Maker (SDM), Frances Olivia[2] at the initial consideration of Plaintiff's claim. (R. 133-140)

---

[2]An SDM is not a medical professional, and her opinion is worthy of no weight as a medical opinion. Greenfield v. Astrue, No. 09-1173-WEB, 2010 WL 2132057, *4, n.5 (D. Kan. Apr. 26, 2010) (Report & Recommendation, adopted May 27, 2010, 2010 WL 2132061); Cowan v. Astrue, No. 09-1154-WEB, 2010 WL 2131915, *6 (D. Kan. Apr. 9, 2010) (Report & Recommendation, adopted May 27, 2010, 2010 WL 2132028); Kempel v. Astrue, No. 08-4130-JAR, 2010 WL 581900, *7 (D. Kan. Jan. 4, 2010); Houghtaling v.

(Exhibit 6E). That RFC limited Plaintiff to occasionally lifting and/or carrying twenty pounds, frequently lifting and/or carrying ten pounds; sitting, and standing and/or walking about six hours each in a workday with normal breaks; with pushing and pulling exertion unlimited except for the twenty and ten pound exertional limitations on lifting and/or carrying. (R. 134). It assessed Plaintiff with postural limitations to never climb ladders, ropes, and scaffolds; and to only occasionally climb ramps or stairs, or to balance, stoop, kneel, crouch, and crawl. (R. 135). It assessed no manipulative limitations, but found environmental limitations requiring Plaintiff to "Avoid Even Moderate Exposure" to extreme temperatures, vibration, and hazards. (R. 136-37).

The ALJ accorded weight to the opinions of the state agency program physician, and therefore it might be assumed that the function-by-function assessment contained in Ms. Olivia's RFC form and adopted by Dr. Parsons was accepted by the ALJ in this case. However, comparison of the RFC assessed by the ALJ with the RFC adopted by Dr. Parsons reveals significant differences which were not discussed, explained, or even suggested by the ALJ. Dr. Parsons limited Plaintiff to occasional balancing whereas the ALJ did not. (R. 14, 135). Dr. Parsons found no manipulative limitations whereas the ALJ limited Plaintiff to occasional overhead reaching. (R. 14, 136). Finally, the ALJ found Plaintiff must avoid <u>concentrated</u> exposure to extreme temperatures, vibration, and

---

Astrue, No. 08-2656-KHV-GBC, slip op. at 2, 3, (D. Kan. Nov. 10, 2009). Nonetheless, Ms. Olivia's RFC assessment at issue here was adopted by Dr. Parsons, and to that extent constitutes Dr. Parsons's medical opinion.

11

hazards, whereas Dr. Parsons found Plaintiff must avoid <u>even moderate</u> exposure to these environments. (R. 14, 137).

Because the decision is not clear how the ALJ weighed the evidence, and determined to reject certain of the limitations opined by Dr. Parsons, the only way the court might determine Plaintiff's function-by-function limitations in work-related abilities would be to weigh the record evidence itself and speculate regarding the ALJ's rationale. Perhaps that is why both Plaintiff and the Commissioner commit substantial space and argument in their briefs to summarizing the evidence relevant to RFC assessment and suggesting it supports the determination they desire. However, weighing the evidence is the function of the Commissioner. The court is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision.

Moreover, the Commissioner's decision should be evaluated based solely on the reasons stated therein. <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. <u>Knipe</u>, 755 F.2d at 149 n.16. And a reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005). Therefore, the court will neither weigh the evidence itself, nor attempt to make an RFC assessment in this case. Remand is necessary for the Commissioner to properly perform a function-by-function assessment of Plaintiff's RFC.

12

Although the Commissioner argues that the need for express analysis is weakened where the ALJ does not need to reject or weigh evidence unfavorably (Comm'r Br. 7) (citing Howard, 379 F.3d at 947), the ALJ here apparently did in fact reject Dr. Parsons's findings that Plaintiff is limited to occasional balancing, and must avoid <u>even moderate</u> exposure to extreme temperatures, vibration, and hazards. Remand is necessary for an explanation of this ambiguity.

Although the court will not attempt to dictate the outcome of the step four determination on remand, it notes the legal standard the Commissioner has promulgated, the Tenth Circuit has approved, and the ALJ must use on remand in making her evaluation at step four of the sequential evaluation process. At step four of the process, the ALJ is required to make specific findings in three phases. <u>Soc. Sec. Ruling</u> (SSR) 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983); <u>accord</u>, <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." <u>Winfrey</u>, 92 F.3d at 1023. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." <u>Winfrey</u>, 92 F.3d at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." <u>Id.</u>, 92 F.3d at 1023. These findings are to be made on the record by the ALJ. <u>Id.</u> at 1025; <u>see also</u>, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting

13

Serv., Rulings, at 813 ("decision must contain . . . specific findings of fact" regarding each of the three phases).

The ALJ may not delegate the step-four analysis to a vocational expert (VE). He may, however, rely on information supplied by such an expert regarding the demands of plaintiff's past relevant work and regarding whether a person with plaintiff's RFC could meet those demands, and he may accept the VE's opinions. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The critical distinction is whether the ALJ relied upon the VE testimony in making the findings or whether the ALJ delegated the phase two and phase three findings to the VE. Id. 331 F.3d at 761. Where the ALJ makes the phase two and phase three findings and merely quotes the VE testimony approvingly in support of those findings, he has properly relied upon the VE testimony. Id.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 18th day of April 2011, at Kansas City, Kansas.

                                                s:/ John W. Lungstrum
                                                **John W. Lungstrum**
                                                **United States District Judge**